IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:08 CR 68** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **ALLIANCE NATIONAL LIMITED** | ) | |
| **PARTNERSHIP d/b/a DEMILTA IRON** | ) | |
| **& METAL, LTD., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | <u>**MEMORANDUM OPINION**</u> |

This matter is before the Court on Defendants' Motion to Dismiss Count I of the Superseding Indictment (Docket #71). A hearing on said Motion was held on February 18, 2009.

Defendants ask this Court to dismiss Count I of the Superseding Indictment in this case, arguing Count I fails to sufficiently allege a *per se* violation of Section I of the Sherman Act and that the case requires application of the rule of reason standard. In Response, the Government argues that the United States has met the standard for a properly pled indictment in this case. The Government relies on the Sixth Circuit decision *United States v. Co-Operative Theatres of Ohio, Inc.*, 845 F.2d 1367, 1372 (6th Cir. 1988), arguing that the alleged horizontal agreement between Defendants to allocate customers is the "type of 'naked restraint' which triggers application of the *per se* rule of illegality." *Id.* Further, the Government state that the *Gaudin-*

*Booker* argument raised by Defendants is misplaced, in that in a *per se* case, nothing else need be alleged or proved other than Defendants' intent to enter into the conspiracy.

**Discussion**

After a thorough review of the briefs submitted by the Parties, and considering the oral arguments made by the Parties at the February 18, 2009 hearing, this Court finds Defendants' Motion to Dismiss Count I of the Superseding Indictment to be without merit.

Horizontal agreements between competitors to allocate customers and refrain from competition are *per se* violations of the Sherman Act. *United States v. Co-Operative Theatres of Ohio, Inc.*, 845 F.2d 1367, 1373 (6th Cir. 1988). An indictment for a *per se* violation of the Sherman Act requires that the Government prove the existence of the alleged agreement and that defendants knowingly entered into a conspiracy. In order to be properly pled, the United States must show that the indictment (1) contains elements of the crime (an agreement, knowingly entered into, unreasonably restraining trade in interstate commerce); (2) lets Defendants know what they are accused of; and, (3) allows Defendants to claim double jeopardy if they are ever tried for these activities again. *United States v. Hudson*, 491 F.3d 590, 592-93 (6th Cir. 2007).

The Superseding Indictment charges a horizontal agreement between Defendants "to allocate scrap metal suppliers for the sale of scrap metal in Northeast Ohio, and, in return for not soliciting scrap suppliers of its co-conspirators, DeMilta was sold scrap metal by its co-conspirators at prices below market value" and gives dates forth the alleged conspiracy. As determined by the Court in *Co-Operative Theatres*, this type of horizontal agreement is "the type of 'naked restraint' which triggers application of the *per se* rule of illegality." 845 F.2d at 1372.

The Superseding Indictment states that the conspiracy began at least as early as August 1997 and continued at least until January 2004. The Superseding Indictment references Defendants' participation in meetings and the formation of agreements to allocate scrap metal

suppliers.  Finally, the Superseding Indictment states that Defendants agreement unreasonably restrained trade in interstate commerce.  The allegations against Defendants are specific and any arguments regarding double jeopardy have no basis.

## Conclusion

Based on the foregoing, Defendants' Motion to Dismiss Count I of the Superseding Indictment (Docket #71) is hereby DENIED.

IT IS SO ORDERED.

                                        s/Donald C. Nugent
                                        DONALD C. NUGENT
                                        United States District Judge

DATED: February 24, 2009